# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00433-CV

**Tam Doan Minh, Appellant**

**v.**

**Tsegaye Chernet and Egegayehu Chernet, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. 247,168, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We hereby abate this appeal and remand to the county court at law for a determination regarding the status of the record in this cause.

The clerk=s record in this cause is overdue. Notice of appeal was filed on July 10, 2002. The parties apparently entered a settlement agreement in August 2002, and notified this Court of that agreement on September 30, 2002. In January 2003, however, this Court was notified that the parties no longer agreed to settle their differences. By order of this Court, the clerk=s record was due March 17, 2003. No record has been filed.

By letter dated April 9, 2003, David Ferris, the county clerk=s civil/probate division manager, notified this Court=s clerk that the record could not be prepared. Ferris stated that the clerk had no record that any payment had been made for the clerk=s record, had no record that any party had designated a record, and could not locate the record itself. The only record the clerk could locate contained a Rule 11 agreement among the parties, a statement by a county file clerk that the record could not be found in the courthouse or in offsite storage, and this Court=s order setting the record preparation deadline. The record of the proceedings at the trial court, however, was missing. Ferris opined that a party or a member of the public might have inadvertently removed the record from the courthouse.

This state of affairs makes it difficult for this Court to discern how to proceed. If appellant has not paid for the preparation of the record, then dismissal would be appropriate. *See* Tex. R. App. P. 37.3(b). If the record is lost or destroyed, the parties may, by written stipulation deliver copies of the missing items to the trial court. *See id*. 34.5(e). If the parties cannot agree on what constitutes the record, the trial court must determine what constitutes an accurate copy of the missing items and order their inclusion in the clerk=s record. *See id*. 34.5(e). If the record is lost or destroyed and the parties and trial court cannot agree or determine what items constitute the record, the remedy may be remand for a new trial. *See id*. 34.6(f). Although Rule 34.6(f) by its terms applies solely to lost or destroyed reporter=s records, that may provide a guide for a situation apparently not contemplated by the rulesCthe complete disappearance of a clerk=s record and the inability of the parties and the trial court to determine what should comprise the replacement record.

Accordingly, we abate this appeal and remand to the county court at law for a determination of the status of the record in this cause. The court should determine, to the extent possible, (1) whether appellant has paid for or made arrangements to pay for the record, (2) whether the clerk=s record is lost or destroyed and how that occurred, and (3) if the original clerk=s record is irretrievable, whether the clerk=s record can be reconstituted sufficiently to allow the parties to present the issues on appeal. In order to make this process efficient and effective, the parties should resolve as many of these issues as possible before the court holds its hearing. After the hearing, the county court at law shall prepare an order reporting its findings on these and other issues it deems relevant to the preparation of the clerk=s record for this appeal. Upon receiving the county court at law=s order reporting its findings, the county clerk shall immediately prepare a clerk=s record containing that order and file it with this Court=s clerk. If the original clerk=s record is recovered or recreated contemporaneously with the hearing and order, the county clerk may prepare a single clerk=s record containing the relevant documents.

We request that the county court at law hold this hearing and make its findings as soon as possible. This cause is hereby abated until the county clerk files the clerk=s record containing the county court at law=s order reporting its findings or until May 20, 2003, whichever is sooner. Absent further order of this Court, this cause will be automatically reinstated on May 20, 2003.

W. Kenneth Law, Chief Justice

3

Before Chief Justice Law, Justices B. A. Smith and Puryear

Filed:   April 24, 2003